UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| DUSTIN A. STAFFORD, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-02501-JMS-DLP |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Dustin A. Stafford for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 16-11-0202. For the reasons explained in this Entry, Mr. Stafford's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On April 3, 2017, Correctional Officer Weddell issued a conduct report charging Mr. Stafford with unauthorized possession of property in violation of Code B- 215. The conduct report states:

> On 4/3/2017 approx. 3:56 a.m. I Ofc. Weddell went into Offender Stafford['s] cell 23-5B upon inspection of his cell I found a 3 ½ in carpenter nail in the wall where the state mirror use[d] to be. Also I found a hand size ball of copper wire in his property box and a steel block on the cabinet.

Dkt. 10-1 (capitalization modified). Mr. Stafford was notified of the charge on April 6, 2017, when he was served with the conduct and screening reports. The screening officer noted that Mr. Stafford requested statements from offenders Steven Gray and Carl Gilbert. Dkt. 10-2. He requested an investigation and tests on the nail for DNA and fingerprints. *Id*. Those requests were denied. He also requested the cell inspection sheet and the conduct history for the offender who lived in the cell before him, but these requests were also denied. *Id*. Mr. Gray provided a statement as follows:

> I gave a fan to Dustin to fix cause [I] needed it so he said he could fix it but they called Rec at the same time, and he walks by, and tell me he took it apart but wanted to go to Rec, and he would get it done after Rec. so before he came in the officer search his room, and took the fan. The officer has in the past said he didn't like Offender Dustin so this was mainly because of that dislike thing.

Dkt. 10-3 (capitalization modified). Gilbert also provided statement that provides:

> Mr. Stafford, ask me about his mirror in his room/cell when his first moved into 5B23. There was none, I told that I would report that to Sgt Eknst, the OIC. I also informed him that they don't do cell inspection anymore cause the room/cell was dirty! Needed to have rooms cleaned before people move into cells.

Dkt. 10-4 (capitalization modified).

The hearing officer conducted a disciplinary hearing on May 9, 2017. The hearing officer noted that Mr. Stafford stated, "All I had was the fan that I was fixing. I am guilty of a 353." Dkt. 10-10. The hearing officer determined that Mr. Stafford had violated Code B-215. The sanctions

included disciplinary segregation, the deprivation of 30 days of earned credit time, and a suspended sanction demoting Mr. Stafford from credit class B to credit class C. *Id.*

Mr. Stafford appealed to the Facility Head and the Indiana Department of Correction ("IDOC") Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

In his petition, Mr. Stafford raises four grounds for relief: 1) he was not given credit for three days spent in restrictive housing prior to his disciplinary hearing, 2) he should have been disciplined for a 353 offense, unauthorized possession of personal property, rather than a 215 offense, unauthorized possession of State property or the property of others, 3) the facility failed to do a cell inspection before he was moved into the cell, and 4) he was denied evidence.

#### 1. Credit for Time Spent in Restrictive Housing

Mr. Stafford complains that he was not credited for three days he spent in restrictive housing before his disciplinary hearing. The Court understands this claim to be one for recognition that those three days should count toward the total sanction of 90 days in restrictive housing that he received in this disciplinary case. But a petition for habeas corpus is not an appropriate avenue to seek redress for a miscalculation in the number of days assigned to restrictive housing. "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). Typically, in the context of prison disciplinary proceedings, this means

that in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). Because placement in restrictive housing is not a deprivation of good-time credits or a demotion in credit-earning class, the Court cannot grant relief to Mr. Stafford on this claim.

### 2. Sufficiency of the Evidence

Mr. Stafford's second claim for relief—that he should have been charged with violating a different section of the IDOC Adult Disciplinary Code—amounts to a challenge to the sufficiency of the evidence that he committed a B215 offense. B215, Unauthorized Possession of Property is defined as the "unauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another." IDOC Adult Disciplinary Process Appendix I: Offenses, available at https://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at

455-56. The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Here, the conduct report states that an officer found a large "carpenter nail in the wall where the state mirror use[d] to be," along with a ball of copper wire and a steel block. Mr. Stafford asserts that the wire and block were parts of a fan procured from commissary. But, separate from these items, the conduct report states that the state-issued mirror was missing from Mr. Stafford's cell. This is some evidence that he destroyed or altered state property. Therefore, Mr. Stafford is not entitled to relief on this basis.

### 3. Failure to Perform Cell Inspection

Mr. Stafford's third claim for relief is that prison officials failed to do an inspection of his cell before he was placed in it. He also asserts that other items were found in and around his cell that were left by maintenance workers. This evidence would not alter the outcome of Mr. Stafford's disciplinary hearing. If his claim is that there was no state mirror in his cell when he moved in, unfortunately such a claim cannot support relief in this habeas action.

Mr. Stafford's complaint is ultimately that prison officials did not follow prison policies or procedures that require them to inspect a cell before moving a new inmate into the cell. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison

disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Accordingly, Mr. Stafford is not entitled to relief on this basis.

### 4. Denial of Evidence

Mr. Stafford's final claim for relief is that he was denied all evidence he requested at screening. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an in camera review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 381 Fed. Appx. 494, 497 (7th Cir. 2017) (quoting *Piggie*, 344 F.3d at 679).

Mr. Stafford requested evidence from two witnesses. Both witnesses gave written statements supporting Mr. Stafford. Mr. Stafford also requested a cell inspection sheet and information regarding the inmate who lived in the cell before he did. These requests were denied

because Mr. Stafford had lived in the cell for two months before his cell was searched. As discussed above, the failure to inspect Mr. Stafford's cell before he moved in is not a violation of due process entitling him to habeas relief. Similarly, Mr. Stafford has no due process right to information about the prior tenant of his cell. His defense to the disciplinary charge was that he was repairing a fan for another inmate and the state mirror was missing from his cell when he moved in. His screening report reflects that his request for evidence regarding the prior tenant of his cell related to the prior tenant's assault of another inmate. Such evidence would not be exculpatory to Mr. Stafford's disciplinary charge.

Mr. Stafford was also denied DNA and fingerprint testing on the nail found in his cell. But petitioners have no right to laboratory testing. *See Manley v. Butts*, --- Fed. Appx. ----, 2017 WL 5054245, *2 (7th Cir. 2017) ("Prison administrators are not obligated to create favorable evidence or produce evidence they do not have."). For these reasons, Mr. Stafford is not entitled to relief on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Stafford to the relief he seeks. Accordingly, Mr. Stafford's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/11/2018

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DUSTIN A. STAFFORD
197253
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov